UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JESSE COHEN, JLC ENTERPRISES, LLC, and RAYBEN PROPERTIES, LLC** <br> *Plaintiffs*, <br><br> v. <br><br> **STRATIS BUSINESS CENTERS, INC., and REGUS INTERNATIONAL SERVICES, LLC** <br> *Defendants,* | **Civil Action No. 05-1223** <br><br> **Hon. Jose L. Linares,** <br> **U.S.D.J.** <br><br><br><br><br> **REPORT AND** <br> **RECOMMENDATION** |

## INTRODUCTION

This matter comes before me on defendants' motion to dismiss or, in the alternative, stay and compel arbitration or, in the further alternative, transfer venue. This motion was referred to me by Judge Linares. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## BACKGROUND/ PROCEDURAL HISTORY

This action was commenced on January 14, 2005, with the filing of a Complaint in the Superior Court of New Jersey, Chancery Division, Essex County. On January 29, 1999, plaintiff Jesse Cohen ("Cohen") entered into a Franchise Agreement with defendant Stratis Business Centers, Inc. ("Stratis").[1] The agreement granted Cohen the exclusive right to operate Stratis business centers within a specific business territory.[2] Plaintiff JLC Enterprises ("JLC") also

---

[1] "Stratis is a franchiser that is in the business of ... franchising its system for establishing and operating ready-to-use fully-furnished offices, virtual offices, meeting rooms, videoconferencing, other business services..." Complaint at 3.

[2] Section 2.3 provides, in pertinent part, as follows:

entered into a Franchise Agreement with Stratis on August 24, 2000. Defs.' Br. in Support at 8. Cohen is the sole shareholder of Rayben Properties, LLC ("Rayben"), which executed the lease for the premises that Cohen's Stratis franchises maintain. Defs.' Br. in Support at 9.

Plaintiffs allege that Stratis' affiliate, Regus International Services, LLC ("Regus"),[3] acquired HQ Global Holdings, Inc. ("HQ"), through a merger in August 2004. Plaintiffs contend that the HQ business centers compete with Cohen in his assigned territory in violation of the New Jersey Franchise Practices Act and in breach of the agreements.[4]

The Cohen and JLC Franchise Agreements state when claims are mandated to arbitration.[5] The Agreements specifically address injunctive relief in a separate and distinct

---

*** During the term of the Franchise, neither we nor any of our affiliated companies:
    (a)    will establish or operate, or grant any person other than you the right to establish or operate, a STRATIS business center at any location in the Territory; or
    (b)    sell to any person in the Territory products or services that are the same as the products and services offered by STRATIS business centers.

The reserved area is set forth in Attachment 1A of the Reserved Area, Site and Territory Addendum of the Franchise Agreement.

[3] "Regus is in the business of .... franchising its system for establishing and operating ready-to-use fully-furnished offices, virtual offices, meeting rooms, videoconferencing, other business services..." Complaint at ¶ 1.

[4] HQ has "offered, and continue to offer ... products and services that are the same as the products and services offered by Cohen's Stratis business centers." Complaint, Count II ¶ 41.

[5] Section 32.1 states, in pertinent part, as follows:

> Except as otherwise stated in this Agreement, the parties agree that any dispute between them, or any claim by one or more of them, concerning this Agreement, any related agreement, the Franchise or the Franchised Business that cannot be settled through negotiation, will be resolved solely and exclusively by binding arbitration initiated at and supervised by the AAA office nearest our home office.

2

subsection.[6]  Plaintiffs are seeking damages and injunctive relief against defendants.

## **DISCUSSION**

A.  DEFENDANTS' 12(b)(6) MOTION TO DISMISS

Defendants have moved to dismiss, alleging that plaintiffs lack standing.  "In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."  LG Electronics, Inc. v. First International Computer, Inc., 138 F.Supp. 2d 574, 582-83 (D.N.J. 2001).  In reviewing the sufficiency of a complaint, the court plays a limited role: "The issue is not whether a plaintiff will ultimately prevail[,] but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A 12(b)(6) motion should only be granted when "it is clear that no relief could be granted under any set of facts which could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Defendants' motion must be analyzed against this background.

1.  Standing of Plaintiffs Cohen and JLC

Standing is conferred upon any plaintiff who satisfies three requirements: (1) a concrete and particularized injury in fact, (2) a causal connection between the injury and the alleged

---

[6] Section 32.4 states:

> Nothing in this Section 32 will prevent us from obtaining temporary, preliminary, or permanent injunctive relief, without bond, from a court or agency of competent jurisdiction against actual or threatened conduct causing loss or damage that can be remedied under usual equity rules.

conduct, and (3) a likelihood that a favorable decision will redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Plaintiffs have claimed an injury in fact, alleging that defendants have violated the New Jersey Franchise Practices Act, N.J.S.A. 56:10-7 et seq., ("NJFPA"). Contrary to defendants' argument, plaintiffs have alleged a sufficient causal link between the injury and the conduct.[7] Viewing the alleged causal link as true for 12(b)(6) purposes, the injury is "fairly traceable to the challenged action of the defendant[s]." Lujan, 504 U.S. at 560. Lastly, the relief sought, if granted, would end the plaintiffs' injury.

2. Standing of Plaintiff Rayben

Whether a third-party beneficiary to a contract, such as Rayben, can enforce a contract depends on state law. See 6A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1549 at 383 (3d ed. 1999). In New Jersey, the test is "whether the contracting parties intended that a third party should receive a benefit which might be enforced." Broadway Maintenance Corp. v. Rutgers, The State University, 90 N.J. 253, 259 (1982). If there is no intent to recognize a right to performance in the third-party, "then the third-[party] is only an incidental beneficiary, having no contractual standing." Broadway Maintenance Corp., 90 N.J. at 259.

In this action, there is no indication in either the Cohen Franchise Agreement or the JLC Franchise Agreement that Rayben was conferred any right. Rayben is not a signatory to either agreement, has no rights under the agreements, and cannot sue to enforce the agreements. See

---

[7] "By competing directly against Cohen through its affiliates, Regus and HQ, while requiring Cohen to share his highly confidential and proprietary information, Stratis is imposing an unreasonable standard of performance on Cohen in violation of the [NJFPA]." Complaint at ¶ 35.

Verosol B.V. v. Hunter Douglas, Inc., 806 F.Supp. 582, 586 (E.D. Va. 1992).  As such, Rayben lacks standing.

B.  DEFENDANTS' MOTION TO COMPEL ARBITRATION

      Defendants also ask this Court to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq.   The agreement clauses relevant to arbitration were previously discussed in footnotes 5 and 6.  Section 4 of the FAA, 9 U.S.C. § 4, provides, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.

The FAA provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or equity for the revocation of any contract."  9 U.S.C. § 2.  District courts can compel or enjoin arbitration based on the demands of each action.  9 U.S.C. §§ 3, 4; John Hancock Mutual Life Insurance Co. v. Olick, 151 F.3d 132, 137 (3d Cir. 1998).

      "When deciding whether a matter must be submitted to arbitration, the courts must make essentially two inquiries: (1) whether the parties agreed to arbitrate their claims; and (2) whether the specific dispute falls within the scope of the arbitration agreement." Childs v. Meadowlands Basketball Associates, 954 F. Supp. 994, 998 (D.N.J. 1997).  All doubts about whether the certain claims are arbitrable should be resolved in favor of arbitration.  Moses H. Cohen Hospital v. Mercury Construction, 460 U.S. 1, 24-5 (1983).

1.  Plaintiffs' Breach of Contract and NJFPA claims

Here, plaintiffs allege violations of the franchise agreements and the NJFPA. These claims clearly fall within Section 32.1 of the franchise agreements. There is no ambiguity in Section 32.1, and accordingly the Court will attribute plain meaning to its language. See Barclays Bank P.C. v. Centennial Ave. Associates Limited Partnership, 26 F. Supp. 2d 712, 718 (D.N.J. 1998). Both the breach of contract claims and the NJFPA claims are "claims by one or more of [the parties], concerning this Agreement, [or] any related agreement" within the meaning of Section 32.1.

2.  Plaintiffs' Claim for Injunctive Relief

Plaintiffs argue, however, that their claim for injunctive relief is governed by Section 32.4 of the franchise agreements. While plaintiffs are correct in noting that Section 32.4 is an exception to Section 32.1, it still does not allow their injunction claim to be heard by this Court. Section 32.4 applies only to Stratis, as evidenced by the following phrase: "Nothing in this Section 32 will prevent *us* from obtaining temporary, preliminary, or permanent injunctive relief, without bond, from a court" (emphasis added). The word "us" was defined in the Franchise Agreements as applying only to Stratis.[8] Therefore, plaintiffs' injunction claim is required by

---

[8] The Cohen Franchise Agreement begins:

> THIS AGREEMENT is entered into by STRATIS BUSINESS CENTERS, INC., a South Carolina corporation with its principal office at . . . ("we", "us" or "our"), and JESSE L. COHEN, whose address is . . . ("you" or "your").

The JLC Franchise Agreement begins:

> THIS AGREEMENT is entered into by STRATIS BUSINESS CENTERS, INC.,

Section 32.4 to be arbitrated.

C. FORUM SELECTION CLAUSE

Defendants argue that arbitration should take place in Dallas, Texas, pursuant to a forum selection clause in the franchise agreements.[9]  Because "[q]uestions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature," federal law applies.  Jumara v. State Farm Insurance Co., 55 F.3d 873, 877 (quoting Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990)).  Furthermore, forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); see Coastal Steel Corp. v. Tilghman Wheelabrator Limited, 709 F.2d 190, 202 (3d Cir. 1983).  Therefore, a forum selection clause "will be enforced unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable."  Coastal Steel, 709 F.2d at 202.

The franchise agreements state that arbitration will taken place in the American

---

a South Carolina corporation with its principal office at . . . ("we", "us" or "our"), and JLC ENTERPRISES, LLC, whose address is . . . ("you" or "your").

[9] Section 32.1 of the franchise agreements states, in pertinent part:

"[A]ny claim . . . that cannot be settled through negotiation, will be resolved solely and exclusively by binding arbitration initiated at and supervised by the [American Arbitration Association] office nearest our home office at the time, unless agreed otherwise by the parties."

Arbitration Association ("AAA") office closet to Stratis' principal office. Stratis' principal office is located in Dallas, Texas. Defs.' Br. in Support at 22. While plaintiffs are correct that forum selection clauses are not dispositive, they are "entitled to substantial consideration." Jumara, 55 F.3d at 880 (citing Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988)). There is no dispute that the forum selection clause was the result of fraud. Rather, plaintiffs contend that the forum selection clause is "unenforceable [because] enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." See M/S Bremen, 407 U.S. at 15.

In New Jersey, forum selection clauses that involve franchise agreements are presumptively invalid. See Kubis & Perszyk Associates, Inc. v. Sun Microsystems, Inc., 146 N.J. 176, 188 (1996). In Kubis, plaintiff was a New Jersey franchisee engaged in the sale of computers licensed by California franchisor. 146 N.J. at 178. The New Jersey Supreme Court held that the franchisor has the burden of demonstrating that the forum selection clause "was not imposed on the franchisee unfairly on the basis of its superior bargaining position." Kubis, 146 N.J. at 195. Absent such evidence, the forum selection clause is invalid, even if it was included as part of the standard franchise agreement. Kubis, 146 N.J. at 195.

This federal court has stated that Kubis applies when "a plaintiff asserts a valid claim under the Franchise Act." Cadapult Graphic Systems, Inc. v. Tektronix, Inc., 98 F. Supp. 2d 560, 565 (D.N.J. 2000). Therefore, Kubis applies to this action. Defendants, however, have not met its burden of proof. Defendants are international corporations, while plaintiffs are an individual and a small corporation. Pls.' Br. in Opposition at 15-16. There is no evidence indicating that the presence of the forum selection clause in the franchise agreements resulted from anything

8

other than defendants' superior bargaining power.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss for lack of standing should be GRANTED IN PART with regards to plaintiff Rayben.  Defendants' motion to compel arbitration of all claims should be GRANTED.  Defendants' motion to enforce the forum selection clause should be DENIED.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.

s/ Ronald J. Hedges<br>United States Magistrate Judge

Copy:  Judge Jose L. Linares