NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSE COHEN, and JLC ENTERPRISES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STRATIS BUSINESS CENTERS, INC., "REGUS," and ROE CORP., <br><br> Defendants. | Civil Action No.: 05-cv-1223 (JLL) <br><br><br> OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE |

This matter comes before the Court on the objections of Defendant Stratis Business Centers, Inc. (hereinafter "Stratis" or "Defendant") to the August 2, 2005 Report and Recommendation of United States Magistrate Judge Ronald D. Hedges regarding Defendant's motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative to stay and compel arbitration, or in the further alternative, motion to transfer venue. Plaintiffs Jesse Cohen and JLC Enterprises, LLC (hereinafter collectively "Plaintiffs") filed opposition to Defendant's objection, but did not file any objection of their own. Pursuant to Local Civil Rule 72.1(c)(2), this Court has conducted a de novo review of Magistrate Judge Hedges' August 2 Report and Recommendation to which Stratis has objected. For the reasons set forth below, the Court adopts the August 2 Report and Recommendation. However, the Court respectfully disagrees with the legal rationale supporting the recommendation that the arbitration must occur in New Jersey -- namely that Kubis & Perszyk Assocs. v. Sun

Microsystems, 680 A.2d 618 (N.J. 1996), precludes enforcement of the forum selection clause. Therefore, this Opinion and Order clarifies the basis on which this matter must be arbitrated in New Jersey.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

A detailed factual background of this case is set forth in the August 2, 2005 Report and Recommendation, and will not be repeated here, except where necessary to provide context for the de novo review of Magistrate Judge Hedges' Report and Recommendation.

On May 16, 2005, Defendant filed a motion to dismiss, or in the alternative to stay and compel arbitration, or in the further alternative, motion to transfer venue, which was opposed by Plaintiffs. The matter was referred to Magistrate Judge Hedges, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72.1(a)(2) of the Local Civil Rules, and on August 2, 2005 a Report and Recommendation was issued. In his August 2 Report and Recommendation, Magistrate Judge Hedges recommended granting in part Defendant's motion to dismiss for lack of standing, with regards to Plaintiff Rayben, granting Defendant's motion to compel arbitration of all claims, and denying Defendant's motion to enforce the forum selection clause.

Pursuant to L. Civ. R. 72.1(c)(2), Defendant timely filed an objection to one portion of Magistrate Judge Hedges' Report and Recommendation. The substance of Defendant's objection is that Magistrate Judge Hedges incorrectly held that Kubis & Perszyk Assocs. v. Sun Microsystems, 680 A.2d 618 (N.J. 1996), invalidates forum selection provisions contained in arbitration clauses, hence rendering the parties' agreement to arbitrate this claim in Dallas, Texas invalid. Defendant contends that the Federal Arbitration Act ("FAA") preempts Kubis to the

extent that it invalidates arbitral forum selection clauses.

As explained below, this Court must review the Defendant's motion de novo and owes no deference to Magistrate Judge Hedges' Report and Recommendation. In doing so, this Court has reviewed all of the submissions, the cases cited by the parties and in the Report and Recommendation, and conducted further research on the issues raised.

## LEGAL DISCUSSION

**A.     Standard of Review**

When the magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [magistrate judge]. The judge may also receive further evidence or recommit the matter to the magistrate [magistrate judge] with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a Magistrate Judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N. J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a Magistrate Judge's determination depends upon whether the motion is dispositive or non-dispositive. With respect to dispositive motions, the district court must make a de novo determination of those portions of the Magistrate Judge's Report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); Zinberg v.

Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a de novo review of the parts of the report to which the parties object).  Here, Defendant objects to Magistrate Judge Hedges' recommendation that Defendant's request to enforce the forum selection clause be denied.  Therefore, this Court will examine the present motion under a de novo standard of review.  In conducting this review, the Court "owes no deference to the Magistrate Judge's findings and conclusions."  Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 904 (3d Cir. 1992).

**B.      Enforceability of the Forum Selection Clause**

For the reasons that follow, this Court respectfully disagrees with Magistrate Judge Hedges' recommendation that the forum selection clause is not enforceable.  The Court does conclude, however, that New Jersey is the proper forum for arbitration of this matter, and this matter will not be transferred to Texas.

The forum selection clause at issue is contained in a franchise agreement.  Section 32.1 of the franchise agreement states in relevant part:

> [A]ny claim . . . that cannot be settled through negotiations, will be resolved solely and exclusively by binding arbitration initiated at and supervised by the [American Arbitration Association] office nearest our home office at the time, unless agreed otherwise by the parties.

It appears undisputed that Stratis' principal office is located in Dallas, Texas, and that is the "home office" referenced in the clause.

While it is correct that Kubis stands for the proposition that forum selection clauses in franchise agreements are presumptively invalid, the Kubis decision only relates to judicial forums as opposed to arbitral forums.  Kubis involved a judicial forum selection clause, not an

arbitral forum selection clause, and when read in that context Kubis is not inconsistent with the FAA – it is wholly irrelevant to the FAA.  Further, Kubis did not even need to address the applicability of such a decision to an arbitration agreement under the FAA.  Nevertheless, in so far as Kubis can be said to invalidate forum selection clauses in franchise agreements, this Court finds that the FAA preempts such invalidation.  See KKW Enters. v. Gloria Jean's Gourmet Coffees Franchising Corp., 184 F.3d 42, 52 (1st Cir. 1999) ("to the extent that Kubis can be read to invalidate arbitral forum selection clauses in franchise agreements, it is preempted by the FAA."); Doctor's Assocs. v. Hamilton, 150 F.3d 157, 163 (2d Cir. 1998) ("Kubis did not establish a 'generally applicable' contract defense that applies to 'any' contract; it invalidated a franchise agreement's forum selection clause under the New Jersey Franchise Practices Act because it required the franchisee to sue in another jurisdiction. The Kubis decision applies to one sort of contract provision (forum selection) in only one type of contract (a franchise agreement). Therefore, to the extent that Kubis can be read to invalidate arbitral forum selection clauses in franchise agreements, it is preempted by the FAA."); Management Recruiters Int'l v. Bloor, 129 F.3d 851, 856 (6th Cir. 1997) (if the Washington Franchise Investment Protection Act "imposed an absolute requirement of in-state arbitration notwithstanding the parties' agreement to arbitrate [elsewhere], its validity would be in serious doubt as a result of the preemptive effect of the FAA"); Stirlen v. Supercuts, 51 Cal. App. 4th 1519, 1543, 60 Cal. Rptr. 2d 138, 153 (Cal. Ct. App. 1997) (recognizing that state statutes conflicting with the pro-arbitration policy of the FAA will be preempted).

    Therefore, because this Court's reading of Kubis reveals that Kubis is not applicable to the case at hand, and even if it did the FAA would preempt it, the forum selection clause may be

enforceable.  "[W]hile courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995).  "Where the forum selection clause is valid, which requires that there have been no 'fraud, influence, or overweening bargaining power,' see The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13, 92 S. Ct. 1907, 1914-15, 32 L. Ed. 2d 513 (1972), the plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum."  Id.  The Court finds that the forum selection clause is valid in that no demonstration of "fraud, influence, or overweening bargaining power" has been demonstrated.

Having found that the forum selection clause is valid, the Court must then consider the private and public factors that may weigh in favor of transfer.  Defendant moves for a transfer of venue pursuant to 28 U.S.C. § 1404(a).  In ruling on a § 1404(a) motion to transfer venue, Courts focus on a number of private and public factors such as:  plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the forums, the location of books and records to the extent they may not be able to be produced in the other forum, the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two forums resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the forums, and the familiarity of the trial judge with the applicable state law in diversity cases.  Id. at 879-80.

In Plaintiffs' opposition papers, Plaintiffs addressed these factors. Plaintiffs are comprised of an individual and a small corporation located in New Jersey. Defendant is a large international corporation with substantially larger revenues than that of Plaintiffs. Plaintiffs and all of Plaintiffs' witnesses are New Jersey residents. All of Plaintiffs' books and records relating to this matter are located in New Jersey, and Defendant's books and records relating to this matter are likewise located in New Jersey. This matter arose in New Jersey, the location where Defendant allegedly competed unlawfully with Plaintiffs. Defendant's witnesses are located in Florida. Thus, Plaintiffs argue that this matter has no connection to Texas, and a significant connection to New Jersey. Defendant only argues that the forum selection clause should be enforced because it is the contractual choice of forum and to hold otherwise would encourage forum shopping.

The Court concludes that Plaintiffs have proven that they should not be bound by their contractual choice of forum and that this matter should be arbitrated in New Jersey. This case is so closely tied to New Jersey that such a finding is appropriate and will not encourage forum shopping.

## **CONCLUSION**

Having reviewed Magistrate Judge Hedges' Report and Recommendation and the record of this case, including the Defendant's objection and Plaintiffs' response thereto, this Court: (1) adopts Magistrate Judge Hedges' Report and Recommendation dated August 2, 2005 finding that Rayben lacks standing; (2) rejects the Report and Recommendation suggesting that Defendant's motion to enforce the forum selection clause should be denied; and (3) adopts the Report and

Recommendation suggesting that Defendant's motion to compel arbitration of all claims should be granted.

THEREFORE, for the reasons set forth above, it is on this 9th day of November, 2005, hereby:

**ORDERED** that the Report and Recommendation of Magistrate Judge Hedges dated August 2, 2005 is hereby ACCEPTED as to the finding that Rayben Properties lacks standing and is hereby DISMISSED, and that Jesse Cohen and JLC Enterprises have standing; and it is further

**ORDERED** that the Report and Recommendation of Magistrate Judge Hedges dated August 2, 2005 is hereby REJECTED in part and ACCEPTED in part as to the finding that Defendant's motion to enforce the forum selection clause should be denied; and, it is further

**ORDERED** that the Report and Recommendation of Magistrate Judge Hedges dated August 2, 2005 is hereby ACCEPTED as to the finding that Defendant's motion to compel arbitration and stay this proceeding should be GRANTED; and it is further

**ORDERED** that Defendant's motion to transfer venue to the United States District Court for the Northern District of Texas, Dallas Division, is hereby DENIED.

DATED: November 9, 2005

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE